JOURNAL ENTRY and OPINION
{¶ 1} Appellant Cheryl Geschke appeals from the trial court's dismissal of her motions to show cause and for attorney fees stemming from money purportedly owed to her by her former husband, appellee David Smercina. Geschke assigns the following as error for our review:
 {¶ 2} THE TRIAL COURT IN OVERRULING GESCHKE'S OBJECTIONS AND APPROVING THE PATENTLY DEFICIENT MAGISTRATE'S DECISION, ERRED AS A MATTER OF LAW.
{¶ 3} Having reviewed the record and pertinent law, we reverse the trial court's decision. The apposite facts follow.
{¶ 4} Preliminarily, we note that the complete original record was unavailable for our perusal at the time Geschke filed this appeal. Consequently, on April 17, 2001, we granted Geschke's motions to convert the record on appeal from the requirements of App.R. 9(A) to those of App.R. 9(C) and remanded this matter to the trial court for preparation of a statement of evidence. Geschke submitted a proposed 9(C) statement which the trial court adopted, and which we now have before us.
{¶ 5} Geschke and Smercina divorced in 1994. As part of the divorce decree, Smercina became responsible for seventy percent of all healthcare expenses not covered by insurance, for their minor children.
{¶ 6} Due to a protracted dispute, on August 19, 1998,[1] Geschke and Smercina agreed Geschke would forward to Smercina no later than August 31, 1998 all outstanding expenses incurred by the children through August 18, 1998, and he would then pay those expenses to either Geschke or the medical providers no later than November 18, 1998.
{¶ 7} Smercina did not make payment by November 18, 1998, thus prompting Geschke's August 2, 1999 motion to show cause and a motion for attorney fees. The trial court referred the matter to a magistrate.
{¶ 8} At the evidentiary hearing, Geschke submitted an exhibit detailing $4,468.97 worth of medical expenses incurred for the children during the applicable time period, and $1,180 in attorney fees. The magistrate then ordered both parties to submit copies of canceled checks indicating the amounts Geschke and Smercina paid toward their children's healthcare expenses. Geschke submitted checks totaling $2,458.12.
{¶ 9} On January 16, 2001, the magistrate dismissed Geschke's motions to show cause and for attorney fees, and ordered Smercina to pay $45.41 to Geschke to satisfy all documented out-of-pocket medical expenses * * *. Even though the magistrate ordered an award for Geschke, he found, there is no breakdown listing who incurred these expenses and for what time period, and if any were for [Geschke], * * * it is impossible for the court to ascertain exactly what, if any, the liability of [Smercina] is.
{¶ 10} Geschke filed objections to the magistrate's order. Then, on February 28, 2001, the trial court overruled the objections and adopted the magistrate's decision. This appeal followed.
{¶ 11} In her assigned error, Geschke argues the trial court erred by adopting the magistrate's decision as it was patently deficient as a matter of law. We agree.
{¶ 12} When evaluating whether a judgment is against the manifest weight of the evidence in a civil context, the standard of review is the same as that in a criminal context.[2] We must presume the trial court's findings were correct.[3] This presumption stems from the court's unique opportunity to observe the witnesses in making credibility assessments and resolving conflicting testimony.[4] As long as there exists competent, credible evidence in the record to support the court's decision, it will not be reversed as against the manifest weight of the evidence.[5]
{¶ 13} According to the 9(C) statement, the magistrate reviewed Geschke's exhibits detailing medical expenses for the children totaling $4,468.97 and copies of canceled checks indicating Geschke paid $2,458.12 for the children's healthcare expenses. Smercina did not submit any documentation, and on two occasions, he admitted to not paying the medical expenses despite receiving bills from Geschke. After receiving all requested evidence, the magistrate concluded he could not ascertain Smercina's liability; thereafter, the magistrate ordered Smercina pay Geschke $45.41. In light of the evidence presented and the magistrate's findings, we conclude this order is unreasonable.
{¶ 14} The trial court had before it medical invoices detailing the expenses billed to Geschke for the children, and several paid checks written by Geschke, and Geschke's testimony that the medical expenses incurred were for half of the children. The court took no contradictory evidence from Smercina. While we respect that the credibility of witnesses is best left to the trier of fact,[6] we conclude, on this record, that the manifest weight of evidence does not support Geschke incurred a mere $45.41 in expenses; rather, the manifest weight of evidence supports a finding that Geschke incurred $4,468.97 in eligible medical expenses and $1,180 in attorney fees. Because the original support decree obligates Smercina for seventy percent of these expenses, his share is $3,128.28.
{¶ 15} Accordingly, Geschke's assigned error has merit. We reverse the trial court's decision and render judgment in favor of Geschke in the amount of $3,128.28 for medical expenses incurred for her children, plus $1,180 in attorney fees.
Judgment reversed.
This cause is reversed to the trial court.
It is, therefore, considered that said appellant recover of said appellee her costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J., and DIANE KARPINSKI, J., CONCUR.
[1] The 9(C) statement states that the parties entered the agreement on August 19, 1999, rather than August 18, 1998. We presume the year stated is erroneous because the agreement calls for completed performance no later than November 11, 1998, nine months prior to the time of contract. Geschke's brief to this court supports our presumption.
[2] In re: Washington, 2001 Ohio App. LEXIS 2086 (May 10, 2001), Cuyahoga Co. App. Nos. 77872 77888, citing In re: Ozmun (Apr. 14, 1999) Summit County App. No. 18983.
[3] Intrinsics Int'l v. Coopers Lybrand, 2000 Ohio App. LEXIS 3163 (July 13, 2000), Cuyahoga App. No. 76516.
[4] Id. See, also, Leslie v. Briceley, 1997 Ohio App. LEXIS 6057 (Dec. 31, 1997), Washington App. No. 97CA10, appeal dismissed (1998),81 Ohio St.3d 1497, 691 N.E.2d 1058.
[5] C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279,376 N.E.2d 578, at syllabus; Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80, 461 N.E.2d 1273; Intrinsics Int'l v. Coopers 
Lybrand, 2000 Ohio App. LEXIS 3163 (July 13, 2000), Cuyahoga App. No. 76516. See, Myers v. Garson (1993), 66 Ohio St.3d 610, 614, 614 N.E.2d 742, rehearing denied (1993), 67 Ohio St.3d 1439, 617 N.E.2d 688.
[6] Guzowski v. Guzowski (1993), Ohio App. LEXIS 2086 (Apr. 15, 1993), Cuyahoga App. No. 84107, citing State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212.